Georgina L. Medeiros
vs.
Manuel R. Cordeiro
} No. 87743.

April 5, 1933.

CAPOTOSTO, J. In an action in assumpsit for money had and received, the jury returned a verdict for the defendant. The plaintiff moves for a new trial, claiming that the verdict is against the evidence and that she has discovered new evidence which will materially affect the result.

The plaintiff is a niece of the defendant who, with her mother, was abandoned by her father when she was a very young child. Both went to live with the defendant. The mother died when the plaintiff was about nine years old. From then on she became an integral part of the defendant's family. Whatever his children had in the way of shelter, food, clothes, religious instruction, schooling and privileges, the niece had. Up to and including her wedding day, the defendant and his wife did as much as a loving father and mother in their position in life could have done for her. Her earnings, when employed, went into the family budget. Just before her marriage, like Lochinvar of old, the deserting father came out of the west after an absence of many years. He met his daughter at the home of a third party and appeased his flexible conscience for his years of neglect by giving her a check for $200. Another

relative gave her $80. Both these sums the plaintiff gave to her uncle, who immediately deposited them in a joint account in one of our local banks.

The plaintiff's earnings were barely enough for her maintenance, and her two hundred and eighty dollars, together with more which came from the defendant, were used for her wedding expenses and festivities.

Ingratitude was the defendant's compensation for his care and protection of the plaintiff during her infancy and girlhood. But the young woman is not the one to be condemned, for it was quite apparent from the antics in the court-room of those now close to her that she is the unwilling instrument of designing and unappreciative individuals. In fact, while testifying, she, with lowered eyes and barely audible voice, said she made no claim to her earnings but did claim the $280. It was testimony of compulsion.

The affidavits of newly discovered evidence carry no weight whatsoever. They are inaccurate, contain obvious hearsay, and are from persons who were either actually in court at the trial of the case or who might have been available at short notice.

The jury did its duty in finding for the defendant. Any verdict for the plaintiff would have been set aside by this Court.

Motion for new trial denied.

For plaintiff: Charles Z. Alexander.

For defendant: Robinson & Robinson.

Alfred Del Pape
vs.
Albert Giusti
} No. 50479.

April 5, 1933.

CAPOTOSTO, J. The plaintiff brought suit in assumpsit by writ dated May 19, 1921. After fifteen assignments it came to trial on May 5, 1927, and resulted in a verdict for the

plaintiff for $709.15. May 18, 1927, the defendant filed his motion for a new trial on the usual grounds, including a claim of newly discovered evidence. This motion was argued to the Court on April 1, 1933. Between 1927 and 1933 a number of changes had occurred. The stenographer who served at the trial died; the Court, after a number of years, discarded its own notes on moving into new quarters, and, being human, it did not charge its mind with details of a controversy which it assumed had been settled by the parties.

For six days the trial of a building contract continued, with its endless, complicated and confusing details. After almost six years the defendant expects the Court to pass its judgment upon a verdict which he has permitted to remain dormant for all this time. Some individuals may have superhuman powers of recollection but this Court frankly admits that nature has denied it that gift. Moreover, it does not hesitate to say that it considers such conduct somewhat of an imposition. It sincerely trusts that this flagrant case will attract the attention of those in authority in order that reasonable regulations may be enforced compelling motions for new trials to be argued within a set time. In case this is done, it might not be amiss to require also that they be decided within a reasonable time.

The defendant, in order to wipe out the $709.15 verdict for the plaintiff, pins his entire case upon an alleged over payment of $800 to a Mr. Coutu, the sub-contractor who dug the cellar, as evidenced by two affidavits filed March 11, 1933. There are three reasons why this claim should not prevail. In the first place, his affidavit and that of Coutu are contradictory. The defendant claims that the amount paid to Coutu was $1000; Coutu himself, basing his statement upon pure recollection, says that he received

$1300. The second reason is that the receipts signed by Coutu or his wife, introduced at the trial as Plaintiff's Exhibit 29, total $1860. The plaintiff, by affidavit filed March 27, 1933, reiterates his claim of the payments to Coutu as evidenced by the receipts introduced at the trial, and further substantiates his contention by producing a number of cancelled checks, payable to Coutu, which correspond with the receipts. Counsel for the defendant goes a good way when he openly insinuates that the endorsement of "Raymond Coutu" on the check of August 2, 1920, for $850 is a forgery. His main reason for such a charge is, as he claims, a strange crossing of the letter "t" in Coutu. The Court has carefully examined this claim and finds it unsound, if not fantastic. There is one other "t" similarly crossed among the checks and four among the receipts offered in evidence at the trial. The Court is certain that the Attorney General's assistance is quite unnecessary in this instance. The third reason why the plaintiff's claim should not prevail is that even if there were some discrepancy in regard to the Coutu payments, yet the plaintiff on a motion for a new trial is entitled to a conscientious review of all the testimony and not merely of a detached bit of evidence from a tangled mass of facts which, after nearly six years, the defendant considers beneficial to his interests.

In his motion for a new trial of May 18, 1927, the defendant states affirmatively that "he has discovered new and material evidence which he had not discovered at the trial, etc." The new evidence is presented in the affidavits of the defendant and Coutu, filed March 11, 1933. The defendant in his affidavit says that although he looked for Coutu immediately after the trial he did not locate him before March 1, 1933. Coutu states that shortly after the trial he left this state, and

for the last five years has been a resident of Vermont. Although counsel followed the customary phrasing in his claim of newly discovered evidence in the motion for a new trial, the Court feels that the statement would have been more accurate had it read that "the defendant hoped to discover new and material evidence" at some indefinite time in the future.

In view of all the circumstances, the Court is of the opinion that the verdict of the jury should not be disturbed.

Motion for new trial denied.

For plaintiff: James E. Brennan.

For defendant: Pettine, Godfrey & Cambio.